UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| | ) |
| MARYANNE DINEEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No. 13-12200-LTS |
| | ) |
| DORCHESTER HOUSE MULTI- | ) |
| SERVICE CENTER, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER ON DEFENDANT'S MOTION FOR A
STAY OF DEPOSITION AND A PROTECTIVE ORDER

June 5, 2014

SOROKIN, C.M.J.

Defendant's Motion for a Protective Order (Docket #34), is ALLOWED IN PART AND

DENIED IN PART as set forth below.  Defendant's objections are well taken.  As narrowed by

the Court below, the Rule 30(b)(6) deposition shall proceed on three of the four disputed topics.

The Stay is Lifted.

Topic 8

Defendant shall produce a witness prepared to testify regarding (a) its policies and

procedures for compliance with Medicare Part B regulations regarding coding or service

locations and (b) its general policies and procedures, if any, regarding the handling of possible or

perceived non-compliance with Medicare billing regulations.  The topic encompasses the time

period January 1, 2010 until January 31, 2014.  The fourteen-year time period proposed by

Plaintiff is substantially overbroad.[1]

Topics 9

Plaintiff agreed to drop Topic 9 in light of an identical interrogatory.  Docket #35-1 at 12.

While Plaintiff later took the position that its agreement was "tentative" and that Defendant was

taking advantage of Plaintiff concessions while persisting in all of its objections, see Docket #35-

1 at 15, both points are incorrect.  Neither the email nor the opposition establish that anything

about the agreement was "tentative" nor explain how or why it was tentative.  Moreover, plainly,

Defendant did not persist in its objections to all topics, rather counsel negotiated a resolution of

many topics leaving three disputed topics for possible further discussion between counsel.

Docket #35-1 at 12-13.  The Court will enforce the agreement.  In any event, Topic 9 duplicates

an answered interrogatory.  Because it seeks only the identification of witnesses, requiring a Rule

30(b)(6) deponent to provide the list is unnecessary duplication of the interrogatory answer.[2]

Thus, the Court strikes Topic 9.

Topic 10

Defendant shall produce a witness prepared to testify regarding Defendant's place of

service designation for Medicare billing and the requirements or regulations applicable to the

place of service designation for Medicare billing.  This topic encompasses the period January 1,

2010 through January 31, 2014.  To the extent Plaintiff's interrogatories overlap some of the

narrowed topic, Plaintiff is entitled to testimony.  The Court has eliminated the cumulative

overlap.

---

[1] The Court's time limitation does not render the 1999 agreement between Boston Medical Center and the Defendant, relevant or irrelevant to the deposition.  Rather, the relevancy of that agreement to Topic 8 turns on whether the agreement remained in effect during the relevant time period and bears on either of the enumerated topics.

[2]  This ruling does not prohibit discovery into some of the issues described in Plaintiff's opposition, but Topic 9 does not lead to testimony on those issues.

<u>Topic 17</u>

Defendant shall produce a witness prepared to testify regarding claims of or allegations of retaliation against an employee of Defendant allegedly arising out of the employee identifying possible non-compliance with Medicare billing regulations. This topic encompasses the period January 1, 2010 through January 31, 2014.

Accordingly, Defendant's Motion for a Protective Order (Docket #34), is ALLOWED IN PART AND DENIED IN PART.

   /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge